Priority ✓
Send ✓
Enter ✓
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

ENTERED
NOV 15 2005
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
NOV 15 2005
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

DOCKETED ON CM
NOV 15 2005

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MORENO,<br><br>    Plaintiff,<br><br>v.<br><br>SAN PASQUAL BAND OF MISSION INDIANS AND THE BUREAU OF INDIAN AFFAIRS, RIVERSIDE, CALIFORNIA,<br><br>    Defendants. | Case No. EDCV 05-432-VAP(SGLx)<br><br>[Order to Show Cause issued on June 16, 2005.]<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE** |

### I. BACKGROUND

    Pro se Plaintiff Andrew Moreno commenced this action on June 2, 2005. In his brief Complaint, Plaintiff alleges that he has been improperly denied membership into the San Pasqual Band of Mission Indians ("Tribe"). [Complaint ("Compl.") at 1.]

Plaintiff alleges that he has submitted evidence showing that he should be a member of the Tribe, it has forwarded the information to the Bureau of Indian Affairs ("Bureau"), and the Bureau rejected the application "without cause." [Id.] Plaintiff further alleges that he has provided the Bureau with evidence that his grandparents and other ancestors were members of the Tribe. [Id. at 2.] Plaintiff appears to ask the Court to enroll him as a member of the Tribe or alternatively to compel the Bureau to do so. [Id. at 2.]

On June 16, 2005, the Court issued an Order for Plaintiff to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction. The Court noted that "Plaintiff has not identified an applicable federal statute conferring jurisdiction upon this Court to review determinations of tribal membership." [Court's Order to Show Cause at 1.]

On June 24, 2005, Plaintiff filed a Response to the OSC. In the Response, Plaintiff further alleged that he has been improperly denied membership to the Tribe, but he did not supply the Court with any federal statutes or other authority that allows federal courts to review determinations of tribal membership. [Plaintiff's Response at 1.] Plaintiff also supplied the Court with

numerous documents that he says proves that he is "an American Indian." [Id.]

On October 17, 2005, the Bureau filed a Motion to Dismiss, to which the Court never received Opposition.

## II. LEGAL STANDARD

Subject matter jurisdiction "refers to the types of cases a court is authorized to hear." United States v. Roberts, 618 F.2d 530, 537 (9th Cir. 1980). The party that asserts federal jurisdiction "bears the burden of proving the case is properly in federal court." In re Ford Motor Co./Citibank (S.D.), N.A., 264 F.3d 952, 957 (9th Cir. 2001).

## III. DISCUSSION

Construing Plaintiff's Complaint liberally, he appears to be making two Claims: that the Tribe has improperly denied him membership and that the Bureau has improperly handled his request to be admitted into the Tribe. [Compl. 1-2.]

The Supreme Court has held that "without Congressional authorization, the Indian Nations are exempt from suit." Santa Clara Pueblo v. Martinez, 436 U.S. 49, 59 (1978) (quotations omitted). More specifically, the Court wrote that "[a] tribe's right to

1  define its own membersip for tribal purposes has long
2  been recognized as central to its existence as an
3  independent political community." Id. at 72 n.32
4  (citation omitted).
5
6  The Court explained that historically, Congress has
7  retained "extraordinarily broad" authority over "Indian
8  matters," and that "the role of courts in adjusting
9  relations between and among tribes and their members [is]
10 correspondingly restrained." Id. at 72. The Court
11 further noted that "[t]ribal courts have repeatedly been
12 recognized as appropriate forums for the exclusive
13 adjudication of disputes affecting important personal and
14 property interests of both Indians and non-Indians." Id.
15 at 65.
16
17 Plaintiff here is seeking the Court's intervention in
18 a membership dispute, the very sort of claim from which
19 the Tribe is exempt from suit in federal court.
20 Accordingly, this Court lacks jurisdiction over
21 Plaintiff's claim against the Tribe.
22
23 Nor does the Court retain jurisdiction over
24 Plaintiff's Claims against the Bureau. In Lewis v.
25 Norton, 424 F.3d 959, 960 (9th Cir. 2005), Plaintiffs
26 sued officials from the Department of the Interior, the
27 Bureau, and the National Indian Gaming Commission,
28

1 claiming that they were members of a federally recognized
2 Indian tribe. The court agreed with the lower court that
3 it lacked subject matter jurisdiction, even though
4 Plaintiffs did not sue the Tribe itself. Id. at 963.

6 The Lewis court wrote that Plaintiffs sued the
7 government officials, rather than the tribe, "because
8 they recognized that tribal immunity would create, at the
9 least, a serious obstacle," and the lawsuit was doomed
10 because it was an attempt to make "an end run around
11 tribal immunity." Id. The court also noted its
12 agreement with the reasoning of the Tenth Circuit, in
13 Ordinance 59 Ass'n v. United States Department Dep't of
14 the Interior Sec'y, 163 F.3d 1150, 1159-60 (10th Cir.
15 1998). Id. In Ordinance 59, the court explained that a
16 federal court order compelling a federal agency to enroll
17 members in a tribe would not have the effect of enrolling
18 the members "because tribes, not the federal government,
19 retain authority to determine tribal membership." 424
20 F.3d at 963.

22 Thus, Plaintiff cannot sue the federal government in
23 an attempt to be enrolled in the Tribe.

5

## IV. CONCLUSION

For the foregoing reasons, the Court does not have subject matter jurisdiction over this case, and the case is DISMISSED with prejudice[1].

Dated: November 14, 2005

VIRGINIA A. PHILLIPS
United States District Judge

---

[1] Because the Court is dismissing the case, it no longer has jurisdiction and declines to rule on the Bureau's Motion to Dismiss.